United States District Court
Southern District of New York
-------------------------------------------------------x

Alpha Capital Aktiengesellschaft,

                Plaintiff,

vs.

Fellows Energy, Ltd.,

                Defendant.

-------------------------------------------------------x

**Judge McMahon**

**07 CV 3493**

Complaint

RECEIVED MAY 02 2007 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff Alpha Capital Aktiengesellschaft, by its attorneys, for its Complaint herein, respectfully alleges:

the parties

      1. Plaintiff Alpha Capital Aktiengesellschaft ("Alpha Capital") is a Liechtenstein corporation with its principal place of business Vaduz, Liechtenstein.

      2. Upon information and belief, Defendant Fellows Energy, Ltd. ("Fellows") is a Nevada corporation with its principal place of business in Broomfield, Colorado.

jurisdiction and venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of a state and citizens of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and pursuant to 28 U.S.C. §1331 in that the action arises under Constitution, laws, or treaties of the United States, in particular 28 U.S.C. §2201.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a), in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property which is the subject of the action is situated.

factual allegations common
to all claims

5. On or about May 18, 2005 Alpha Capital purchased from Fellows 727,727 shares of Fellow's securities. The shares were contained in units of Fellows securities purchased by Alpha Capital, each unit consisting of 3.55 shares of Fellows common stock and one and one half Series A Warrants to purchase Fellows common stock for $1 per share for three years.

6. The purchase price for the units was $400,000.

7. Alpha Capital made the purchase pursuant to the terms of the Private Placement Memorandum dated April 15, 2005, the Supplement to the Private Placement Memorandum dated May 10, 2005, and the Subscription Agreement dated May 18, 2005.

8. Alpha Capital's servicing agent, who negotiated the transaction on its behalf, and its attorney who was involved in negotiating and redrafting the Subscription Agreement, are both located in New York. The shares which Alpha Capital purchased were delivered to Alpha Capital's servicing agent in New York.

9. As part of Alpha Capital's purchase of the shares, the parties agreed in the Subscription Agreement that in the event Fellows thereafter issued shares at a price per share less than the price at which Alpha Capital was then purchasing the shares, Fellows would issue to Alpha Capital such number of additional shares so that the average price of the shares issued to Alpha Capital would be equal to the lower price per share at which Fellows was then issuing shares. Such a provision, known as a "ratchet down" provision, was included in the Subscription Agreement as follows:

> "7. Dilution. Until two (2) years from the date the registration statement filed pursuant to the Registration Rights Agreement is declared effective, and except for the issuance of shares of Common Stock pursuant to any rights, warrants, convertible securities or options for its capital stock (i) as set forth in Section 9.1(a) of the Warrants issued to the investors by the Company, (ii) as in effect on the date of the PPM, or (iii) pursuant to the Offering (as defined in the PPM), if and when the Company issues or sells any Common Stock (including, rights, warrants, convertible securities or options for its capital stock) for a consideration per share less

than the per share purchase price of such Common Stock in the Offering (with the entire amount of such purchase price being allocated entirely to the shares of Common Stock in such Unit and not to any warrants), then the Company shall issue, for each such occasion, additional shares of Common Stock to the Investor so that the average per share purchase price of the shares of Common Stock issued to the Investor (of only the Common Stock still owned by the Investor) is equal to such other lower price per share. The delivery to the Investor of the additional shares of Common Stock shall be not later than thirty (30) days following the closing date of the transaction giving rise to the requirement to issue additional shares of Common Stock. The Investor shall be granted the same piggyback registration rights in relation to such additional shares of Common Stock that have been granted to the Investor in Section 2.5 of the Investor's Warrant issued by the Company."

10. Alpha Capital purchased the shares for $.55 per share. Thus, whenever Fellows issued shares at a lower price, it was obligated to issue additional shares to Alpha Capital.

11. In fact, both on May 23, 2006 and November 15, 2006, after much delay, Fellows finally issued additional shares to Alpha Capital which were owed pursuant to the ratchet down provision.

12. The ratchet down provision was not included in the original draft Subscription Agreement presented to Alpha Capital when it was first considering purchasing the shares. The provision was added specifically at Alpha Capital's insistence, when Alpha Capital made clear to Fellows that absent such a provision, Alpha Capital would not purchase the shares.

13. On February 18, 2007, Fellows filed a form 8K with the SEC which indicated that it had issued additional securities at an effective issue price of $.039 per share. Based upon the 2,415,404 shares of Fellows common stock which Alpha Capital has on hand, therefore, Fellows is obligated to deliver to Alpha Capital 6,174,763 shares of common stock in order to comply with its obligations under the ratchet down provision of the Subscription Agreement.

14. Despite due demand, Fellows has failed and refused to issue shares to Alpha Capital pursuant to the ratchet down provisions of the Subscription Agreement and has indicated that it will no longer honor its obligations thereunder.

<u>First Claim for Relief</u>
(Breach of Contract
Failure To Deliver Shares
Relief Sought - Injunctive Relief)

15. Alpha Capital realleges paragraphs 1 through 14.

16. On or about February 26, 2007, Alpha Capital duly demanded that Fellows deliver to it 6,174,763 shares of common stock under the ratchet down provision of the Subscription Agreement.

17. Fellows has failed and refused to deliver such shares, despite its clear obligation to do so.

18. Alpha Capital has performed all of the obligations of the Subscription Agreement and the other transaction documents on its part to be performed.

19. Alpha Capital has no adequate remedy at law.

Second Claim for Relief
(Breach of Contract
Failure To Deliver Shares
Relief Sought - Damages)

20. Alpha Capital realleges paragraphs 1 through 14.

21. As a result of Fellow's failure to deliver the shares of common stock as aforesaid, Alpha Capital is entitled to damages in an amount to be determined at trial.

Third Claim for Relief
(Conversion
Relief Sought - Injunctive Relief)

22. Alpha Capital realleges paragraphs 1 through 14.

23. Alpha Capital has a right to immediate possession and ownership of said 6,174,763 shares of common stock which Fellows has failed to deliver, which right is superior to any rights of Fellows to such shares.

24. Alpha Capital has no adequate remedy at law.

### Fourth Claim for Relief
(Conversion
Relief Sought - Damages)

25. Longview realleges paragraphs 1 through 14 and 23.

26. Alpha Capital is, therefore, entitled to damages in an amount to be determined at trial.

### Fifth Claim for Relief
(Anticipatory Breach of Contract
Relief Sought - Injunctive Relief)

27. Alpha Capital realleges paragraphs 1 through 14.

28. The failure of Fellows to honor its obligations to deliver stock under the ratchet down provisions of he Subscription Agreement without valid excuse or justification constitutes an anticipatory breach of Fellow's future obligations to deliver stock under that provision.

29. Alpha Capital has no adequate remedy at law.

### Sixth Claim for Relief
(Anticipatory Breach of Contract
Relief Sought - Damages)

30. Alpha Capital realleges paragraphs 1 through 14 and 28.

31. Fellow's anticipatory breach of its obligations entitles Alpha Capital to damages in an amount to be determined at trial.

### Seventh Claim for Relief
(Beach and Anticipatory Beach of Contract
Relief Sought - Declaratory Relief)

32. Alpha Capital realleges paragraphs 1 through 14 and 28.

33. An actual case and controversy exists as to Fellow's obligation to issue additional shares of stock currently and in the future pursuant to the Subscription Agreement.

34. Alpha Capital is, therefore, entitled to a declaration preliminarily and permanently declaring that Fellows is obligated to honor its obligations under the Subscription Agreement and, in particular, the ratchet down provisions thereof. .

Wherefore, Plaintiff Alpha Capital Aktiengesellschaft. demands judgment against Defendant Fellows Energy, Ltd. as follows:

i) on the First, Third and Fifth Claims for Relief, for an order, preliminarily and permanently, directing Fellows Energy, Ltd.. to i) deliver forthwith to Plaintiff Alpha Capital Aktiengesellschaft 6,174,763 shares of Fellows common stock; and ii) honor all future obligations to deliver shares pursuant to the Subscription Agreement; and

ii) on the Second, Fourth and Sixth Claims for Relief, for damages in an amount to be determined at trial; and

iii) On the Seventh Claim for Relief for an order declaring, preliminary and permanently, that Fellows Energy, Ltd. is obligated to honor its obligations under the Subscription Agreement; and

iv) on all Claims for Relief, for attorneys fees, interest and the costs and disbursements of this action; and

v) for such other further and different relief as the Court deems just and proper.

                                                Law Offices of Kenneth A. Zitter

                                                By_____
                                                   Kenneth A. Zitter, Esq.
                                                   Attorneys for Plaintiff
                                                      Alpha Capital Aktiengesellschaft
                                                  260 Madison Avenue, 18th Floor
                                                  New York, New York 10016
                                                  212-532-8000
                                                  KAZ-3195