United States District Court
Southern District of New York
--------------------------------------------------------x

Alpha Capital Aktiengesellschaft,

                                Plaintiff,

        vs.

Fellows Energy, Ltd.,
                        Defendant.

--------------------------------------------------------x


### Affirmation In Support of Motion For A Preliminary Injunction


        Konrad Ackermann hereby affirms under penalty of perjury under the laws of the United

States of America:


        I am a director of plaintiff Alpha Capital Aktiengesellschaft ("Alpha Capital"). Alpha

Capital is a Liechtenstein corporation with its principal place of business in Vaduz, Liechten-

stein. Upon information and belief, Defendant Fellows Energy, Ltd. ("Fellows") is a Nevada

corporation with its principal place of business in Broomfield, Colorado.


        I submit this affirmation in support of Alpha Capital's motion for a preliminary

injunction directing Fellows during the pendency of this action:


        i) to issue forthwith to Alpha Capital 6,174,763 shares of Fellows common stock; and

ii) to deliver all future shares then required to be delivered pursuant to the "ratchet down"

provisions of the Subscription Agreement between Alpha Capital and Fellows.

Fellows, as hereafter set forth, has undisputedly failed in its obligation to deliver 6,174,763

shares of its common stock and has indicated that it will refuse to deliver in the future the shares

which it is required to deliver pursuant to the "ratchet down" provisions of the Subscription

Agreement between Alpha Capital and Fellows. As is hereafter set forth, Alpha Capital will

suffer irreparable harm, absent the award of preliminary injunctive relief.

factual background

On or about May 18, 2005 Alpha Capital purchased from Fellows 727,727 shares of

Fellow's common stock. The purchase price was $400,000.[1] Alpha Capital made the purchase

pursuant to the terms of the Private Placement Memorandum dated April 15, 2005 (Exhibit A),

the Supplement to the Private Placement Memorandum dated May 10, 2005 (Exhibit B), and the

Subscription Agreement dated May 18, 2005 (Exhibit C). Alpha Capital's servicing agent, who

negotiated the transaction on its behalf, and its attorney who was involved in negotiating and

redrafting the Subscription Agreement, are both located in New York. All the shares which

Alpha Capital purchased were delivered by Fellows to Alpha Capital's servicing agent in New

York.

---

[1]The shares were included in "units" of securities sold, each unit containing 3.55 shares of
Fellows common stock and one and one half series A warrants to purchase Fellows common
stock for $1 per share for three years. The warrants are not involved in this lawsuit.

2

As part of Alpha Capital's purchase of the shares, the parties provided in the Subscription Agreement that in the event Fellows thereafter issued shares at a price per share less than the price at which Alpha Capital was then purchasing the shares, Fellows would issue to Alpha Capital such number of additional shares so that the average price of the shares issued to Alpha Capital would be equal to the lower price per share at which Fellows was then issuing shares.[2] Such a provision, known as a "ratchet down" provision, was included in the Subscription Agreement as follows:

> "7. Dilution. Until two (2) years from the date the registration statement filed pursuant to the Registration Rights Agreement is declared effective, and except for the issuance of shares of Common Stock pursuant to any rights, warrants, convertible securities or options for its capital stock (i) as set forth in Section 9.1(a) of the Warrants issued to the investors by the Company, (ii) as in effect on the date of the PPM, or (iii) pursuant to the Offering (as defined in the PPM), if and when the Company issues or sells any Common Stock (including, rights, warrants, convertible securities or options for its capital stock) for a consideration per share less than the per share purchase price of such Common Stock in the Offering (with the entire amount of such purchase price being allocated entirely to the shares of Common Stock in such Unit and not to any warrants), then the Company shall issue, for each such occasion, additional shares of Common Stock to the Investor so that the average per share purchase price of the shares of Common Stock issued to the Investor (of only the Common Stock still owned by the Investor) is equal to such other lower price per share. The delivery to the Investor of the additional shares of Common Stock shall be not later than thirty (30) days following the closing date of the transaction giving rise to the requirement to issue additional shares of Common Stock. The Investor shall be granted the same piggyback registration rights in relation to such additional shares of Common Stock that have been granted to the Investor in Section 2.5 of the Investor's Warrant issued by the Company."

---

[2]For purposes of that calculation, all of the consideration paid by Alpha Capital was applied to the common stock, not the warrants.

Alpha Capital purchased the 727,727 shares for $.55 per share. Thus, whenever Fellows issued shares at a lower price, it was obligated to issue additional shares to Alpha Capital. In fact, both on May 23, 2006 and November 15, 2006, after several months delay, Fellows finally issued additional shares to Alpha Capital which were then owed pursuant to the ratchet down provision.

The ratchet down provision was not included in the original draft Subscription Agreement presented to Alpha Capital when it was first considering purchasing the shares. The provision was specifically negotiated and added to the Subscription Agreement at Alpha Capital's insistence, when Alpha Capital made clear to Fellows that absent such a provision, Alpha Capital would not purchase the shares.

On February 18, 2007, Fellows filed a form 8K with the SEC which indicated that it had restructured certain securities it had previously issued and issued additional securities (Exhibit D). The effective issue price of the lowest priced Fellows common stock issued, as reported in the 8K, was $.039 per share.[3] Based upon the 2,415,404 shares of Fellows common stock which Alpha Capital has on hand, therefore, Fellows is obligated to deliver to Alpha Capital 6,174,763 shares of common stock in order to comply with its obligations under the ratchet down provision

---

[3]In the 8K, Fellows stated that it had issued to Palisades Master Fund, L.P. ("Palisades") for $500,000 a new convertible debenture in the face amount of $714,500 convertible at $0.1375 per share plus 7.5 million shares to HPC Capital Management, the broker on the transaction with Palisades, for no additional consideration. Thus Fellows issued, in substance, 12,696,354 shares for $500,000 which equals $0.03938 per share. Fellows has never contested the calculation or Alpha Capital's entitlement to the additional shares.

of the Subscription Agreement. Despite due demand (Exhibit E), Fellows has failed and refused

to issue such shares to Alpha Capital and has indicated that it will no longer honor its obligations

thereunder.


Irreparable Harm


Absent immediate injunctive relief, Alpha Capital will in fact suffer irreparable harm.

First, based upon Fellow's most recently filed financial statements contained in its Form 10KSB

filed on April 23, 2007, Fellows has sustained substantial accumulated losses which has caused

its accountants to express substantial doubt about its ability to continue as a going concern. Thus

its accountants stated in their notes to the financial statements (Exhibit F):


> "Note 3 - Going Concern
>
> As shown in the accompanying financial statements, we
> have incurred significant operating losses since inception and
> previously incurred a loss on our discontinued automotive fuel
> business. As of December 31, 2006, we have limited financial
> resources until such time that we are able to generate positive cash
> flow from operations. **These factors raise substantial doubt
> about our ability to continue as a going concern**. Our ability to
> achieve and maintain profitability and positive cash flow is
> dependent upon our ability to locate profitable mineral properties,
> generate revenue from our planned business operations, and
> control exploration cost. Management plans to fund its future
> operation by joint venturing, obtaining additional financing, and
> attaining additional commercial production. **However, there is no
> assurance that we will be able to obtain additional financing
> from investors or private lenders, or that additional
> commercial production can be attained**." (Bold added)

5

The accountants' concern is clearly justified. Fellows reports current assets of only approximately $500,000 with current liabilities of almost $4 million (Exhibit G). Thus it cannot possibly pay its obligations as they come due, including any obligation to Alpha Capital. Unless Fellows can raise additional funds on acceptable terms, it cannot remain in business. Alpha Capital should not be compelled to take the substantial risk that Fellows will not be able to raise additional funds. Alpha Capital should not be compelled to take the substantial risk that at the end of this lawsuit Fellows will likely be unable to pay any ultimate judgment. As is set forth in the memorandum of law served herewith, doubt concerning whether Fellows can pay any ultimate judgment constitutes irreparable harm warranting injunctive relief.

Second, as is set forth in the memorandum of law served herewith, courts in this district have found that ordering compliance with the terms of a securities contract is an appropriate form of relief and that monetary damages are not an appropriate remedy for the breach of a contract to deliver securities. Compelling compliance, rather than simply awarding damages, reinforces the sanctity of bargains between corporations and their investors and is consistent with the investors' potential exercise of their rights as an equity holder.

Further, it will be extremely difficult, if not impossible, to calculate with any certainty the damages resulting from Fellows's improper refusal to deliver stock. Clearly Alpha Capital intended to profit on its investment in Fellows by selling in the open market the stock it received initially and the stock it would receive upon any "ratchet down." The amount by which the market price for Fellows shares will be affected by the issuance of such a substantial block of

6

stock[4] to Alpha Capital, the dates on which Alpha Capital would have sold the stock which it has not received and the price it would have received had it sold the stock it should have received upon the "ratchet down" will be difficult to establish with any degree of certainty, particularly because Fellows stock is very volatile. Indeed, Fellows stock was selling at approximately $.07 per share when Alpha Capital first requested the additional shares on February 26, 2007 and now sells only for approximately $.03 per share (Exhibit I).[5]

There is no reason why the Court should not hold Fellows to the exact terms of its agreement which it specifically negotiated with Alpha Capital and enter the requested injunction. Fellows agreed to those terms to obtain Alpha Capital's $400,000 investment. It should not be permitted to evade its agreement when Alpha Capital attempts to enforce the very rights it bargained for when it made its investment.

There has been no previous application for the relief requested herein.

---

[4]Fellows' most recent financial statements show that it has 73.5 million shares outstanding (Exhibit H). The shares which Fellows is required to deliver to Alpha Capital constitutes approximately 8% of its outstanding shares.

[5]In the past year, Fellows stock has reached a high of $0.41 per share and a low of $0.027 per share, a very wide price swing.

APR-30-2007(MON) 23:01    LH Financial          (FAX)2125868244           P 010/010
01/05 2007 08:55 FAX    2125868244          ALPHA CAPITAL          → ARIE RABINOWITZ     ☑002
APR-30-2007(MON) 00:33   LH Financial          (FAX)2125868244          P. 002/002

Case 1:07-cv-03493-CM     Document 5     Filed 05/04/2007     Page 8 of 8

Wherefore, Alpha Capital respectfully requests that the Court issue an order directing Fellows, during the pendency of this action: I) to issue forthwith to Alpha Capital 6,174,763 shares of Fellows common stock; and II) to deliver forthwith all future shares required to be delivered pursuant to the "ratchet down" provisions of the Subscription Agreement between Alpha Capital and Fellows.

Dated: April 3, 2007

Konrad Ackermann

8