**Exhibit A**

    (a)    All funds received by the Company from Investor ("Investor Funds" and together with all other funds received by the Company for the Units, "Investors Funds") pursuant to subscription agreements will be deposited with or wired to Escrow Agent within ten (10) days following the day upon which proceeds are received by the Company.

    (b)    From time to time upon the Company's request, and at the end of the third business day following the Termination Date (as defined below), Escrow Agent shall notify the Company of the amount of Investors Funds received hereunder. If the following requirements are met: (i) Investors Funds totaling $1,850,000 (the "Minimum Amount") or more are received by Escrow Agent at any time prior to the Termination Date and (ii) the Company has delivered to the Escrow Agent a written notice ("Notice") signed by an authorized officer of the Company stating that the Company has received and accepted subscription agreements for the Units totaling or exceeding the Minimum Amount (i and ii together are the "Requirements"), then Escrow Agent shall pay out the escrowed funds and all earnings thereon when and as directed by such written Notice.

    (c)    If the Requirements are not met prior to the Termination Date, Escrow Agent shall refund to each of the Investors at such person's address stated on the list of Investors provided by the Company, or at such other address as shall be furnished to Escrow Agent by the Company in writing, all Investor Funds received by the Escrow Agent for such Investor as stated on the list of Investors.

    (d)    If the Company does not accept an investor subscription, the Company will send a written notice to Escrow Agent to return such person's funds without interest. Such notice shall include the name and address of the payee and the amount to be paid to the payee.

    (e)    The "Termination Date" shall be the earlier of June 1, 2005 or the date Escrow Agent receives written notice from the Company that it is abandoning or closing the sale of the Units and that Escrow Agent is instructed to pay the Investor Funds to the Investors.

    7.    <u>Dilution</u>. Until two (2) years from the date the registration statement filed pursuant to the Registration Rights Agreement is declared effective, and except for the issuance of shares of Common Stock pursuant to any rights, warrants, convertible securities or options for its capital stock (i) as set forth in Section 9.1(a) of the Warrants issued to the investors by the Company, (ii) as in effect on the date of the PPM, or (iii) pursuant to the Offering (as defined in the PPM), if and when the Company issues or sells any Common Stock (including, rights, warrants, convertible securities or options for its capital stock) for a consideration per share less than the per share purchase price of such Common Stock in the Offering (with the entire amount of such purchase price being allocated entirely to the shares of Common Stock in such Unit and not to any warrants), then the Company shall issue, for each such occasion, additional shares of Common Stock to the Investor so that the average per share purchase price of the shares of

Exhibit A

Common Stock issued to the Investor (of only the Common Stock still owned by the Investor) is equal to such other lower price per share. The delivery to the Investor of the additional shares of Common Stock shall be not later than thirty (30) days following the closing date of the transaction giving rise to the requirement to issue additional shares of Common Stock. The Investor shall be granted the same piggyback registration rights in relation to such additional shares of Common Stock that have been granted to the Investor in Section 2.5 of the Investor's Warrant issued by the Company.

8. **Headings.** Paragraph headings are not to be considered as part of this Agreement, are included solely for convenience, and are not intended to be full or accurate descriptions of the contents thereof.

9. **Construction.** Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of one gender may be construed as denoting such other gender as is appropriate. The word including (and variations thereof) is used in an illustrative sense rather than a limiting sense.

10. **Succession and Assignment.** All of the terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns. Neither party may assign this Agreement or any of their rights, interests or obligations in this Agreement without the prior written consent of the other party.

11. **Notices.** Any notices to be sent to the Company, including, without limitation those required by Section 2(i) of this Agreement shall be sent to the following address:

Fellows Energy Ltd.
Attn: George S. Young
370 Interlocken Boulevard, Suite 400
Broomfield, Colorado 80021
Telephone: (303) 327-1525
Facsimile: (303) 327-1526

12. **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of Colorado, without regard to the principles of conflicts of laws.

13. **Severability.** Wherever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law. However, if for any reason any one or more of the provisions of this Agreement are held to be invalid, illegal or unenforceable in any respect, such action will not affect any other provision of this Agreement. In such event, this Agreement will be construed as if such invalid, illegal or unenforceable provision had never been contained in it.

14. **Amendments and Waivers.** No amendment of any provision of this Agreement will be valid unless it is in writing and is signed by the parties. No waiver by any party of any default, misrepresentation or breach of warranty or covenant under this Agreement, whether intentional or not, will be deemed to extend to any prior or subsequent default, misrepresentation or breach of warranty or covenant under this Agreement or will affect in any way any rights

**Exhibit A**

arising by virtue of any prior or subsequent such occurrence, and no waiver will be effective unless set forth in writing and signed by the party against whom such waiver is asserted.

      15.    <u>Entire Agreement</u>.  This Agreement including <u>Exhibit A</u> which is incorporated in and constitutes a part of this Agreement, contains the entire agreement of the parties and supersedes all prior oral or written agreements and understandings with respect to the subject matter.

**[Signature page follows]**

**Exhibit A**

## SIGNATURE PAGE TO SUBSCRIPTION AGREEMENT

1.  Date: _____, 2005

2.  Consideration: $_____ in cash.

Investor represents that:

(a) the information contained in this Subscription Agreement is complete and accurate and may be relied upon by the Company, and

(b) Investor will notify the Company immediately of any change in any of such information occurring prior to acceptance of Investor's subscription.

IN WITNESS WHEREOF, the undersigned has executed this Agreement and executed the Accredited Investor Certification attached hereto as <u>Exhibit A</u> on this _____ day of _____, 2005.


_____           _____
Signature of Investor                 Taxpayer Identification or
                                      Social Security Number


_____           _____

_____           _____
Name and Residence Address            Mailing Address if Different
(Post Office Address Not Acceptable)  from Residence Address
                                      (Post Office Address is Acceptable)

Type of Ownership (check one):

_____  Individual Ownership

_____  Community Property (each spouse must sign)

_____  Joint Tenants with Right of Survivorship (all sign)

_____  Tenants in Common (all sign)

_____  Trust

**Exhibit A**

_____   Corporation

_____   S Corporation

_____   C Corporation

_____   Company

_____   Other (please specify type of entity _____)

## ACCEPTANCE

This Subscription Agreement between _____ and Fellows Energy Ltd. is hereby accepted as of _____, 2005.

**Fellows Energy Ltd.**
a Nevada corporation

By:_____
Name:_____
Title:_____

Exhibit A

# EXHIBIT A

### ACCREDITED INVESTOR CERTIFICATION

The undersigned prospective investor ("Investor") hereby represents and warrants to Fellows Energy Ltd., a Nevada corporation (the "Company"), in connection with Investor's proposed equity investment in the Company pursuant to the Subscription Agreement to which this Certification is Exhibit A (the "Agreement"), that one or more of the conditions below, as marked applies to the Investor (*please initial the appropriate space*):

_____   Net Worth. The undersigned natural person's present individual net worth,[1] or joint net worth with the undersigned's spouse, exceeds $1,000,000.

_____   Individual Income. The undersigned natural person had individual income[2] in excess of $200,000 in each of the last two years and reasonably expects such income to be in excess of $200,000 in the current year.

_____   Joint Income. The undersigned natural person, together with the undersigned's spouse, had joint income in excess of $300,000 for each of the last two years and reasonably expects to have joint income in excess of $300,000 in the current year.

_____   Trust. The undersigned is a trust with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities of the Company, whose purchase is directed by a person with such knowledge and experience in financial and business matters that he or she is capable of evaluating the merits and risks of an investment in the securities of the Company.

_____   Institutional Investors. The undersigned is (i) a bank (as defined in Section 3(a)(2) of the Securities Act of 1933, as amended (the "Securities Act")) or any savings and loan association or other institution (as defined in Section 3(a)(5)(A) of the Securities Act) whether acting in its individual or fiduciary capacity; (ii) an insurance Partnership (as defined in Section 2(13) of the Securities Act); (iii) an investment Partnership registered under the Investment Partnership Act of 1940, as amended (the "Investment Partnership Act"), or a business development Partnership as defined in Section 2(a)(48) of the Investment Partnership Act; (iv) a Small Business Investment Partnership licensed by the U.S. Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958, as amended; (v) a plan established and maintained by a state, its political subdivision, or any agency or

---

[1] For purposes of this Accredited Investor Certification, "net worth" means the excess of total assets at fair market value, including home and personal property, over total liabilities, including mortgages and income taxes on unrealized appreciation of assets.

[2] For purposes of this Accredited Investor Certification, "individual income" means "adjusted gross income" as reported for Federal income tax purposes, less any income attributable to a spouse or to property owned by a spouse and increased by the following amounts (but not including any amount attributable to a spouse or to property owned by spouse): (i) the amount of any interest income received which is tax-exempt under Section 103 of the Internal Revenue Code of 1986, as amended (the "Code"); (ii) the amount of losses claimed as a limited partner in a limited partnership (as reported on Schedule E of Form 1040); and (iii) any deduction claimed for depletion under Section 611 et seq. of the Code.

**Exhibit A**

instrumentality of a state or its political subdivisions of and for the benefit of its employees, if such plan has total assets in excess of $5,000,000; (vi) an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended, if the investment decision is made by a plan fiduciary, as defined in Section 3(21) of such Act, which is either a bank, savings and loan association, insurance Partnership, or registered investment adviser, or if such employee benefit plan has total assets in excess of $5,000,000, or if a self-directed plan, with investment decisions made solely by Accredited Investors; or (vii) any broker-dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934.

_____    <u>Private Business Development Company</u>. The undersigned is a private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940.

_____    <u>Entity With Assets in Excess of $5,000,000</u>. The undersigned is an organization described in Section 501(c)(3) of the Internal Revenue Code, as amended (tax exempt organization), corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities of the Company, with total assets in excess of $5,000,000.

_____    <u>Principal of Fellows Energy Ltd.</u> The undersigned is a director or executive officer of the Company.

_____    <u>Entity in Which All Owners Are Accredited Investors</u>. The Investor is an entity in which all of the equity owners are accredited investors pursuant to one of the preceding paragraphs or pursuant to some other provision of Regulation D promulgated by the Securities and Exchange Commission pursuant to the Securities Act.

**[Signature page follows]**

APR-24-2007(TUE) 05:29   LH Financial                (FAX)2125868244           P.006/013
22/04 2005 10:11 FAX
APR-21-2005(THU) 16:34   L H FINANCIAL SVC.        ALPHA CAPITAL → ARI KLUGER   (FAX)212 586 8244   P.003/004

Exhibit A

THE UNDERSIGNED ACKNOWLEDGES AND UNDERSTANDS THAT THE COMPANY IS RELYING ON HIS, HER OR ITS REPRESENTATIONS AND WARRANTIES SET FORTH ABOVE IN DETERMINING WHETHER INVESTOR WILL BE PERMITTED TO INVEST IN THE COMPANY PURSUANT TO THE AGREEMENT.

IN WITNESS WHEREOF, the undersigned has/have executed and made effective this Accredited Investor Certification on this __22__ day of __April__, 2005.

ACCREDITED INVESTOR:

*If an entity:*

By: _____
Name: __Konrad Ackermann__
Title: __Director__

*If an individual or individuals:*

_____
(Signature)

_____
(Print Name)

_____
(Signature)

_____
(Print Name)