UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                            :
ALPHA CAPITAL AKTIENGESELLSCHAFT,          :
                                                            :
                               Plaintiff,                   :
                                                            :
            - against -                                     :          Index No. 07 CV 3493 (CM)
                                                            :
FELLOWS ENERGY, LTD.,                               :          ANSWER
                                                            :
                               Defendant.                   :
                                                            :
-----------------------------------------------------------------x

Defendant Fellows Energy Ltd., by its attorneys Hutner Klarish LLP, hereby answers the

Complaint as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint.

2.  Admits the allegations contained in paragraph 2 of the Complaint.

3.  Denies each and every allegation contained in paragraph 3 of the Complaint, except

admits that plaintiff purports to base subject matter jurisdiction on 28 U.S.C. § 1332(a)(2).

4.  Denies each and every allegation contained in paragraph 4 of the Complaint.

5.  Denies each and every allegation contained in paragraph 5 of the Complaint, except

admits that on or about May 18, 2005 Alpha Capital purchased shares of Fellow's securities

pursuant to a Subscription Agreement, and respectfully refers the Court to that document for a

full and accurate description of the terms of the purchase of securities.

6.  Admits the allegations contained in paragraph 6 of the Complaint.

7.  Admits the allegations contained in paragraph 7 of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 8 of the Complaint.

-2-

9.   Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that the Subscription Agreement contains a provision relating to issuance of additional shares of Company stock, and respectfully refers the Court to the document referred to therein for a full and accurate description of its contents.

10. Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Alpha Capital purchased the shares for $.55 per share

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Fellows issued additional shares to Alpha Capital pursuant to the ratchet down provision on or about the dates noted.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that on February 15, 2007, Fellows filed a Form 8K with the SEC, and respectfully refers the Court to the document referred to therein for a full and accurate description of its contents.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

<u>FIRST CLAIM FOR RELIEF</u>

15. Repeats and re-alleges paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Alpha Capital did send to Fellows a letter requesting that additional shares be issued, among other things.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

## SECOND CLAIM FOR RELIEF

20. Repeats and re-alleges paragraphs 1-14 of this Complaint as if fully set forth herein.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

## THIRD CLAIM FOR RELIEF

22. Repeats and re-alleges paragraphs 1-14 of this Complaint as if fully set forth herein.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

## FOURTH CLAIM FOR RELIEF

25. Repeats and re-alleges paragraphs 1-14 and 23 of this Complaint as if fully set forth herein.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

## FIFTH CLAIM FOR RELIEF

27. Repeats and re-alleges paragraphs 1-14 of this Complaint as if fully set forth herein.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

## SIXTH CLAIM FOR RELIEF

30. Repeats and re-alleges paragraphs 1-14 and 28 of this Complaint as if fully set forth herein.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

<u>SEVENTH CLAIM FOR RELIEF</u>

32. Repeats and re-alleges paragraphs 1-14 and 28 of this Complaint as if fully set forth herein.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

WHEREFORE, Defendant hereby demands judgment as follows:

(1) Dismissing the Complaint in all respects;

(2) Awarding Defendants the costs and disbursements of this action, including reasonable attorneys' fees; and

(3) Awarding Defendants such other and further relief as this Court deems just and proper.

Dated:   New York, New York          HUTNER KLARISH LLP
         May 29, 2007                Attorneys for Defendant


                                     By: _Eric S. Hutner_____
                                           Eric S. Hutner (EH-6836)
                                     1359 Broadway, Suite 2001
                                     New York, New York 10018
                                     (212) 391-9235 / Fax: (212) 981-9122
                                     ehutner@hutnerklarish.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I caused the foregoing Answer to be served by

first class mail upon the following:

> Law Offices of Kenneth A. Zitter
> Attorneys for Plaintiff
> 260 Madison Ave., 18th Floor
> New York, New York 10016

Dated: May 29, 2007

s/ Tara Battimelli
Tara Battimelli
